CITED *in D., L. & W. R. R. Co.* v. *Toffey,* 9 *Vr.* 528.

---

## HANNESS v. BONNELL.

1. When an attachment levied upon goods is dissolved by the defendant appearing and giving bond for the return of the goods to the sheriff, and judgment is obtained by any creditor in attachment, the goods, or their value, must be returned to the sheriff, to be distributed under the direction of the court.
2. It is not a good plea to a suit on a bond given on the dissolution of an attachment, that A., alone, recovered a judgment in such attachment, and that sufficient of the goods attached were returned to and levied upon by the officer to whom a *fieri facias* had been issued upon such judgment.
3. A sufficient levy is *prima facie* satisfaction of a judgment, as the officer is responsible for the safe keeping of the goods, but it is not always a satisfaction; the goods may be taken away by virtue of prior claim, or may be taken by the defendant himself, in which case a levy would not be a satisfaction.
4. If all creditors who apply in an attachment are satisfied, the court will not order the bond given on the dissolution of the attachment to be assigned for prosecution.

This action is brought on a bond, given by the defendants to Henry D. Farrand, sheriff of Morris, upon an attachment brought by Patrick O'Hagan against Charles Smith, one of the defendants, dated April 6, 1847, with condition for the return of the goods and chattels, &c., taken under the attachment.

To the declaration filed by James Hanness, the plaintiff, upon the bond and a judgment recovered by him, as a creditor of Smith under the attachment, the defendant, Bonnell, who was surety for Smith, by his second plea pleaded—

That, after the recovery of the judgment by Hanness, he caused a writ of *fieri facias de bonis et terris* to be issued,

tested, and directed to the coroners of the county of Morris, . which was delivered to one of the coroners of said county to be executed ; that whilst the said writ was in the hands of said coroners, and before the return, &c., to wit, on, &c., the said Charles Smith, in pursuance of the command of said writ, and according to the true intent and meaning of the condition of said writing obligatory, returned to said coroner sufficient of the said personal property, attached as aforesaid by the writ of attachment, to satisfy the sum of $488.32, the amount of the judgment of the plaintiff in this cause, with interest thereon and the sheriff's execution fees, and that said A. C., as such coroner, and by virtue of said writ, took, seized, and levied on said last mentioned good and chattels, and inventoried the same, and returned said writ, with said levy and inventory thereto annexed.

The plea also sets forth a schedule of the property returned and levied upon as aforesaid.

The plea further avers that, in the attachment brought by O'Hagan, judgment was entered in favor of the defendant, in October term, 1848, and that before the commencement of this suit, to wit, on the day and year last aforesaid, no other action or judgment remained in the Supreme Court against said Charles Smith in favor of any creditor under the attachments mentioned, or either of them, undetermined and unsatisfied, and concludes with a verification and prayer for judgment.

To this plea the plaintiff, by his replication replied, that the said C. S. and the said J. C. B. did not return, nor did either of them return, to the said H. D. F., or to the said A. C., one of the coroners of the county of Morris, after the delivery of the said writ of execution in that plea mentioned, to him, and . before the return, or to any other officer or person to whom the said return, by the condition of the said writing obligatory, was to be made, the said goods and chattels, rights and credits, moneys and effects, seized and attached by virtue of the said writs of attachment in the said condition to the said writing obligatory and in the said declaration of the said plaintiff mentioned and specified.

And the said plaintiff further in fact saith, that the said

judgment in favor of the said plaintiff and against the said C. S., in the said Supreme Court, remains in full force and in no wise satisfied or paid, and that the said C. S., with the assent of the said J. C. B., after the return of the said execution by the said A. C., as in that plea alleged, took and carried away the goods and chattels mentioned and described in the return of the said A. C. to the said writ of execution, and converted and disposed thereof to his own use.

To this plea the defendant, Bonnell, demurred, and assigned special causes of demurrer.

The issue on the demurrer was argued before the CHIEF JUSTICE, and OGDEN and NEVIUS, Justices, by *Asa Whitehead*, in support of demurrer ; *Whelpley*, contra.

· *Whitehead*, in support of demurrer, cited *Rev. Stat.* 54, § 27 ; 12 *Wend.* 120 ; 1 *Spenc.* 81, *Gordon* v. *Williamson* ; 1 *Arch. Pr.* 289 ; 2 *Bac. Ab., Executor D.*, 720 ; 2 *Saund.* 343 ; 2 *Tidd's Pr.* 93. 12 *T. R.* 207, *Hoyt* v. *Hudson ;* 1 *Salk.* 322, *Clark* v. *Withers*, 4 *Mass.* 403 ; 7 *John.* 420 ; 23 *Wend.* 490, *Quinn* v. *Burk*.

*Whelpley* cited 4 *Harr.* 143, *Condit* v. *Baldwin ;* 1 *Halst.* 195, *Dickerson* v. *Robeson ;* 5 *Halst.* 65, *Ordinary* v. *Snooks ; Arch. Cr. Pl.* 195.

The CHIEF JUSTICE delivered the opinion of the court.

Two questions were presented and discussed upon the argument of this demurrer.

1. Whether the defendant's plea presents a valid defence to the action.

2. If the plea be valid, whether the facts stated in the replication constitute an answer to the plea.

The action is upon a bond given by the defendants upon the appearance of Smith, one of the defendants, to a writ of attachment, conditioned for the return of the property attached, pursuant to the provisions of the statute. *Rev. Stat.* 34, § 27. The bond is conditioned that Smith shall return the goods and chattels attached by virtue of the said writ of attachment, in case judgment shall be rendered for the plaintiffs, or either of

them. The plea admits the execution of the bond and the breach of the condition. It does not allege performance, but sets up, or designs to set up, that the cause of action is discharged. It avers that Hanness is the only creditor who has recovered judgment under the attachment, and that his claim is satisfied. The plea goes not to the cause of action, but to the damages for breach of the condition. It insists that although the condition has not been performed, and that the bond has thereby been forfeited, yet that no person is damnified, and, therefore, that the penalty cannot be exacted.

Admitting the defence to be founded in justice, can it be pleaded in bar of this action ? If the bond had not been given, the property attached would have been disposed of, under the direction of the court, for the benefit of the plaintiff and the applying creditors. The act directs that the bond, in case of a breach of the condition, shall, on application of the plaintiff or any applying creditor, be assigned to such person as the court shall direct, to be prosecuted for the benefit of the plaintiff and the applying creditors. The avails of the bond will be appropriated under the direction of the court, so far as may be necessary, in like manner as the goods would have been in the hands of the auditors. The bond is prosecuted, it may be, in the name of a person having no claim as a creditor, in order that the proceeds may be brought into court, and disposed of under its direction, according to the rights of the parties. The object of the suit is simply to enforce the forfeiture of the bond, and to place the property where it would have been had the bond not been given, viz. under the control of the court. The defendant was permitted to receive and enjoy the property during the pendency of the attachment, upon condition that he would return it in case judgment should be rendered for any creditor. Judgment having been rendered, and he having failed to return the property, the bondsmen are amenable to the penalty. It is no answer to say that there is no party entitled to receive the money ; that must be decided in another proceeding. It is obvious that it was never contemplated that the rights of the creditors should be settled in a suit upon the bond, because ordinarily they cannot all be,

*and none* of them *may* be, parties to the record. If this suit were brought in the name of John Doe, as the statute clearly contemplates, and as this court have decided that it may be, could this defendant have set up this defence? and if he had, would Hanness have been bound by it? Or, if there had been numerous creditors, could the defendant have pleaded to an action brought by Hanness, in defence of a breach of the bond, that he had satisfied the claim of A., that he was released by B., and an accord and satisfaction with C.? And if such plea were permitted, would either of these creditors be bound by the record of a suit to which they were not parties? The answer to these inquiries is obvious. This defence, then, cannot be set up in an action for a forfeiture of the bond. 1. Because the defence goes not to the action, but merely to the damages. 2. Because the defendant, having received the property pending the attachment for his own benefit, upon the express condition that it should be returned upon the recovery of judgment, and the spirit and policy of the act require that it should upon the contingency specified, under the control and direction of the court. 3. Because, if permitted, a judgment rendered upon such plea must either be inoperative or conclude the rights of creditors not parties to the record.

The plea being vicious, judgment upon the demurrer must be against the defendant. It may, however, be material for the rights of these parties that the merits of this defence, as well as the effect of the replication, be considered and settled. This suit is under the control of the court. If it had appeared to the court that the claim of the plaintiff was satisfied, and that no other creditor had applied or recovered under the attachment, the assignment would not have been ordered or the prosecution of the bond permitted. And if that fact be now made to appear, the further progress of the suit should be stayed. Although the bond be forfeited, and the defendants legally amenable to the penalty, the policy of the act would not require that the value of the goods should be brought into court, merely for the purpose of being returned to the defendant. The plea does not aver payment or satisfaction of the judgment, but that, by virtue of an execution issued upon the

judgment, the coroner, to whom the writ was delivered, levied and took into his possession goods of the defendant, parcel of those attached, sufficient to satisfy the said judgment. The replication alleges that the goods so levied upon by the coroner were afterwards taken and carried away by the defendant in execution (with the assent of Bonnell), who converted and disposed thereof to his own use. It has been long settled that if the sheriff return that he has levied goods of the defendant to the amount of the judgment, that is *prima facie* satisfaction of the debt, because the levy changes the property, and vests the title of the goods in the sheriff. It is equally true that if the goods be lost, or taken from the sheriff, he shall nevertheless be answerable to the plaintiff, because he is bound to keep them safely.

But these rules always presume a valid and effectual levy. If the goods prove to be the property of another person, or if they be subject to encumbrances or prior liens, which render them unavailing in the hands of the sheriff, they are no satisfaction of the debt.

And, upon the same principle, if the defendant in execution retake the goods into his own possession, and convert them to his own use, it would seem that the levy would be no satisfaction of the debt, although the sheriff or coroner might be held liable to the plaintiff in execution; otherwise the defendant would have the advantage of his own wrong. If, in such case, it should be held that the debt is satisfied, it must be exclusively upon the ground that, by means of the levy, the property in the goods is changed, and the title of the defendant divested. That can only be in the case of a valid levy. But it is clear that the levy in the present case was not legal, and the coroner acquired no right whatever to sell the goods levied on by virtue of his execution. The goods levied upon, as appears by the plea, were the goods attached, and for the return of which the defendant had given bond. Had they remained in the sheriff's hands under the attachments, they could not have been levied upon by virtue of any execution. They were in the custody of the law, to be appropriated, under the direction of the court, in satisfaction of the claims of the ap-

plying creditors. If, pursuant to his bond, the defendant after judgment returned the whole, or any part of these goods, they were returned into the custody of the law, and were not liable to the levy of the plaintiff's execution, or that of any other creditor. Upon any other construction, the creditor who obtained the first judgment and execution, might levy upon and sell the whole property attached in satisfaction of his judgment, to the exclusion of all other creditors and in derogation of the whole policy and spirit of the act. The levy in this case was therefore illegal. The property in the goods levied upon was not changed. The plaintiff acquired no right to the proceeds, if sold, nor could they be appropriated exclusively to the payment of his debt by virtue of the levy. The goods, if reclaimed by the defendant, and converted to his own use, cannot be sued for, or their value recovered by virtue of the levy. The only mode in which the defendant could be compelled to restore them, would be by action upon the bond, if they were not previously delivered to the sheriff. The levy can in no wise be considered as a satisfaction of the debt. If the facts alleged in the plea and replication had been in possession of the court when the application was made to direct the assignment of the bond, it would not have induced the court to deny the application, and they afford no ground for arresting the progress of the suit.

Judgment for the plaintiff.